UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA
and BRIDGETE COBB, ex rel,

    Plaintiffs,

v.                                                                                    Case No.:  2:17-cv-631-JES-MRM

VEIN SPECIALISTS AT ROYAL
PALM SQUARE, INC. and JOSEPH
G. MAGNANT,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is the parties' Joint Motion to Approve Settlement Agreement and Dismiss the Case with Prejudice ("Joint Motion") and the Supplemental Joint Motion to Approve Settlement Agreement and Dismiss the Case with Prejudice ("Supplemental Joint Motion").  (Docs. 38; 40).  Plaintiff Bridgete Cobb and Defendants Vein Specialists at Royal Palm Square, Inc. and Dr. Joseph G. Magnant request that the Court approve the parties' settlement and dismiss the case. (Doc. 38 at 5).[1]  After careful review of the parties' submission and the record, the Undersigned respectfully recommends that the Joint Motion (Doc. 38) be

---

[1] Unless otherwise specified, pinpoint citations for documents filed in CM/ECF refer to the page number in the CM/ECF legend at the top of the page, not the pagination of the document itself.

**GRANTED in part and DENIED in part** and that the Supplemental Joint Motion (Doc. 40) be **DENIED as moot**.

## BACKGROUND

Plaintiff filed the operative Amended Complaint in this matter on October 30, 2020. (Doc. 22). Specifically, Plaintiff asserts a claim for violation of the Fair Labor Standards Act ("FLSA") alleging that Defendants failed to properly compensate her for all hours worked in excess of forty hours per week. (*Id*. at 6-7). Plaintiff, however, does not allege a specific sum of damages for her claim. On December 11, 2020, Defendants filed an Answer, expressly denying Plaintiff's allegations and asserting twenty affirmative defenses. (*See generally* Doc. 29).

The parties filed their Joint Motion on June 8, 2021. (Doc. 88). Upon review, the Undersigned initially found that the parties had not provided sufficient documentation to determine whether the settlement is a fair and reasonable resolution of the bona fide dispute because neither the Joint Motion nor the Amended Complaint contained a statement as to the number of hours Plaintiff alleges she worked or the amount of lost wages Plaintiff claims she is owed. (Doc. 39). Accordingly, the Undersigned directed the parties to file supplemental briefing addressing the issue and why the Court should find the settlement fair and reasonable in light of Plaintiff's allegations. (*Id.*). On June 30, 2021, the parties filed the Supplemental Joint Motion in compliance with the Undersigned's June 23, 2021 Order. (*See* Doc. 40).

## LEGAL STANDARD

To approve the settlement of FLSA claims, the Court must determine whether the settlement is a "fair and reasonable [resolution] of a bona fide dispute" of the claims raised. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Lynn's Food Stores*, 679 F.2d at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Lynn's Food Stores*, 679 F.2d at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Lynn's Food Stores*, 679 F.2d at 1353. When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id.* at 1353-54. The Eleventh Circuit has found settlements to be permissible when employees bring a lawsuit under the FLSA for back wages. *Id.* at 1354. Specifically, the Eleventh Circuit held:

> [A lawsuit] provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Applying these standards, the Undersigned analyzes the proposed terms of the settlement agreement below.

## ANALYSIS

### I. Bona Fide Dispute

As a threshold matter, the Undersigned finds that a bona fide dispute exists between the parties. Plaintiff filed a claim under the FLSA, alleging that Defendants failed to pay Plaintiff full and proper overtime compensation. (*See* Doc. 22 at 5-6). Defendants deny these allegations, (*see* Doc. 29), and "claim they properly classified Plaintiff as an exempt employee and properly paid Plaintiff for all hours she worked, and/or that Plaintiff did work the number of overtime hours claimed and/or that she would be entitled to half-time and not overtime wages if she was misclassified," (Doc. 38 at 2). Accordingly, the proper focus is whether the terms of the proposed settlement are fair and reasonable.

The Undersigned addresses the monetary terms, attorney's fees, and non-cash concessions separately below.

### II. Monetary Terms

In the Supplemental Joint Motion, the parties represent that Plaintiff alleges that "she worked approximately 10 hours of overtime for 70 weeks . . . at a half-time rate of $10.40 per hour[,] . . . which totals $7,280 in unpaid wages." (Doc. 40 at 2).[2]

---

[2] The Supplemental Joint Motion states that although "Plaintiff would argue that the fluctuating work week method would not apply, the Parties agree that the stronger

Under the terms of the proposed settlement agreement, Defendants agree to pay $5,000.00 "in settlement of Plaintiff's claim for alleged back wages under the FLSA," $5,000.00 "in settlement of Plaintiff's claim for alleged liquidated and other non-wage related damages under the FLSA," and $6,780.06 "for attorneys' fees and costs." (Doc. 38 at 7).

In support of the reasonableness of the terms, the parties assert that both parties understand the burdens regarding their claims and defenses and the significant costs necessary to further litigate the case. (Doc. 40 at 3). Thus, the parties contend that the settlement "avoids the risk inherent in any litigation and gives certainty to the outcome of this litigation for all Parties involved." (*Id.*). Additionally, the parties note that all parties were "represented by experienced employment counsel throughout this litigation" who "zealously represented their clients' interest." (Doc. 38 at 3-4). Finally, the parties maintain the "agreement to resolve this matter is not the result of any fraud or collusion by, between or among any of the parties or counsel for the parties." (*Id.* at 4). Ultimately, the parties "jointly represent to the Court that the Agreement fairly resolves the dispute between them in the instant action regarding Plaintiff's claim for allegedly unpaid wages under the FLSA." (*Id.*).

---

argument is that it would, which results in the 'half-time' calculation above." (Doc. 40 at 2). For the purposes of analyzing whether the settlement is fair and reasonable, the Undersigned accepts the parties' representations as to the decision to use the half-time rate.

5

In light of the parties' averments related to the decision to settle the case, the claims and defenses asserted, and the small difference between the amount Plaintiff alleges she is owed and her recovery under the settlement agreement, the Undersigned finds that the monetary terms of the proposed settlement agreement are fair and reasonable. (*See id.* at 3-4, 7; *see also* Doc. 40 at 3). Accordingly, the Undersigned recommends that the presiding United States District Judge approve the monetary terms of the settlement agreement.

## III.  Attorney's Fees and Costs

As noted above, the proposed settlement agreement specifies that Defendants agree to pay a total of $6,780.06 for attorney's fees and costs. (Doc. 38 at 7). Following the breakdown of the monetary terms, the proposed settlement agreement clarifies that "[t]he parties agree that the portion of the settlement sum attributable to attorneys' fees and costs was negotiated separately from and without regard to the amounts Plaintiff sought for minimum wage and overtime compensation under the FLSA." (*Id.*). Additionally, the parties aver that "[t]he amount paid to Plaintiff is not compromised by the amount of attorney's fees being paid" and that the attorney's fees and costs were "negotiated separately so that it did not compromise Plaintiff's recovery." (*Id.* at 2-3, 4).

As United States District Judge Gregory A. Presnell explained in *Bonetti v. Embarq Management Company*:

> [T]he best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement

6

> as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.
>
> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching [the] same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

Given the procedural posture of the case, the amount of fees and costs appears fair and reasonable. Additionally, based on the parties' representations, the Undersigned finds that the parties agreed upon the attorney's fees and costs without compromising the amount paid to Plaintiff.

## IV.   Non-Cash Concessions

The proposed settlement agreement contains several non-cash concessions. A number of jurists in this District have expressed the view that non-cash concessions by an employee affect both the "fairness" and "full compensation" components of a settlement and require their own fairness finding. *See Jarvis v. City Elec. Supply Co.*, No. 6:11-cv-1590-Orl-22DAB, 2012 WL 933057, at *5 (M.D. Fla. Mar. 5, 2012),

7

*report and recommendation adopted*, No. 6:11-cv-1590-Orl-22DAB, 2012 WL 933203 (M.D. Fla. Mar. 20, 2012) (citing *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1348 (M.D. Fla. 2010)).

However, other jurists in this District have approved non-cash concessions in FLSA settlement agreements where the concessions were negotiated for separate consideration or where there is a reciprocal agreement that benefits all parties. *Bell v. James C. Hall, Inc.*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5339706, at *3 (M.D. Fla. Aug. 16, 2016), *report and recommendation adopted*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5146318, at *1 (M.D. Fla. Sept. 21, 2016); *Smith v. Aramark Corp.*, No. 6:14-cv-409-Orl-22KRS, 2014 WL 5690488, at *4 (M.D. Fla. Nov. 4, 2014). The Undersigned addresses each of the non-cash concessions made by the parties under the proposed settlement below.

    A.    **Waiver and Release of Claims**

The proposed settlement agreement contains a Waiver and Release of Claims that provides that:

> In exchange for Defendants' consideration . . . Plaintiff hereby releases, on her own behalf and on behalf of anyone who could claim by or through her, Defendants Vein Specialists at Royal Palm Square, Inc. and Dr. Joseph G. Magnant, of and from, any and all claims under the FLSA (including that she was misclassified as exempt and entitled to overtime, unpaid overtime and retaliation), as well as any possible appeal rights she may have for the Court's dismissal of her FLSA claim in this lawsuit.

(Doc. 38 at 7).

Because the release is limited in scope to the claims arising under the FLSA, any concern regarding broad or general releases does not exist and the Undersigned finds that such a limited waiver does not preclude approval of the settlement agreement. *See Monserrate v. Hartford Fire Ins. Co.*, No. 6:14-cv-149-Orl-37GJK, 2016 WL 8669879, at *4 (M.D. Fla. Sept. 23, 2016), *report and recommendation adopted*, No. 6:14-cv-149-Orl-37GJK, 2016 WL 5746376 (M.D. Fla. Oct. 4, 2016) (approving a release that is limited to claims arising under the FLSA).

### B.  Waiver of Jury Trial

The proposed settlement agreement also contains a jury trial waiver, in which both parties agree to "expressly waive any and all right to a trial by jury with respect to any action, proceeding or other litigation resulting from or involving the enforcement of the Agreement or any other action related to Plaintiff's employment with Defendants." (Doc. 38 at 9). Notably, the waiver is broadly written such that it encompasses "any other action related to Plaintiff's employment with Defendants." (*Id.*).

This Court has found that a party's waiver of a valid right to a jury trial as part of an FLSA settlement agreement does not render an agreement unfair or unreasonable so long as the plaintiff receives adequate consideration. *See, e.g.*, *Lowery v. Auto Club Grp., Inc.*, No. 6:17-cv-359-Orl-40GJK, 2017 WL 3336464, at *4 (M.D. Fla. Aug. 3, 2017) (approving a jury waiver provision when the plaintiff received separate monetary consideration); *Fusic v. King Plastic Corp.*, No. 2:17-cv-390-FtM-38CM, 2018 WL 1725902, at *3 (M.D. Fla. Apr. 3, 2018), *report and*

*recommendation adopted*, No. 2:17-cv-390-FtM-38CM, 2018 WL 1705645 (M.D. Fla. Apr. 9, 2018) (approving a jury waiver provision, finding that the defendant's reciprocal waiver constituted sufficient, independent consideration).

Moreover, the Undersigned notes that a jury trial waiver is nothing more than a non-cash concession, like a general release or a non-disparagement provision. As noted above, courts have found that when a non-cash concession is reciprocal such that it inures to the benefit of both parties, adequate consideration has been exchanged. *See, e.g.*, *Bell v. James C. Hall, Inc.*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5339706, at *3 (M.D. Fla. Aug. 16, 2016), *report and recommendation adopted*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5146318 (M.D. Fla. Sept. 21, 2016) (collecting cases in support of the proposition that courts have upheld non-disparagement clauses when there is a reciprocal neutral reference agreement, inuring to a plaintiff's benefit).

Here, because the waiver is reciprocal, applying to both Plaintiff and Defendant, the Undersigned finds that the mutuality of the waiver serves as adequate, independent consideration to Plaintiff to agree to the non-cash concession. The Undersigned, therefore, finds that the waiver does not render the settlement agreement unfair or unreasonable notwithstanding its broad nature.

   C.   **Modification of the Agreement**

The proposed settlement agreement contains a provision that purports to grant the parties leave to amend the agreement: "[t]his Agreement shall not be subject to modification or amendment by an oral representation, or any other written statement

10

by either party, except for a dated written amendment to the Agreement signed by Plaintiff and Defendants." (Doc. 38 at 3-4). This Court has previously found that a similar provision cannot be approved because it "leaves 'the parties free to circumvent *Lynn's Food [Stores]* review through *post hoc* modifications of an already-approved agreement.'" *Dexheimer v. Enjoy the City N., Inc.*, No. 6:18-cv-1980-Orl-76EJK, 2020 WL 5822195, at *3 (M.D. Fla. Apr. 13, 2020) (quoting *Dumas v. 1 Amble Realty, LLC*, No. 6:17-cv-765-Orl-37KRS, 2018 WL 5020134, at *3 (M.D. Fla. Mar. 9, 2018)). For this reason, a court cannot approve a settlement agreement "that is not in its final form" and has an "opportunity for amendment." *See id.* at *3 (internal quotation and citation omitted) (alteration in original). Thus, the Undersigned cannot recommend approving a settlement agreement that contains such a provision. Additionally, the Undersigned finds that given the nature of the provision, it cannot be re-written in such a way to make it valid. *See id.* Even if the parties were to re-write the provision to add a requirement that the Court must approve any subsequent modification or amendment, that revision would be unworkable given that the Court will lose jurisdiction once the action is dismissed with prejudice and the Court cannot reserve jurisdiction in perpetuity.

Nevertheless, the proposed settlement agreement contains a Severability provision that provides that the "invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect. If any portion of this Agreement is found invalid, the Parties agree to enter into new provisions that are not invalid." (Doc. 38 at 4). Because the

Severability provision here permits the settlement agreement to be enforced notwithstanding the invalidity of a particular provision, the Undersigned finds that the Severability provision permits the Court to strike the invalid portion and approve the remainder of the agreement. (*See id.*).

This Court has previously invoked severability provisions to strike invalid provisions and approve an otherwise valid agreement. *See, e.g.*, .*Wood v. Surat Invs., LLC*, No. 6:19-cv-1681-Orl-41EJK, 2020 WL 2840565, at *4 (M.D. Fla. May 15, 2020), *report and recommendation adopted*, No. 6:19-cv-1681-Orl-41EJK, 2020 WL 2838861 (M.D. Fla. June 1, 2020) (striking an amendment provision); *Ramnaraine*, 2016 WL 1376358, at *2-3, *report and recommendation adopted*, 2016 WL 1305353 (striking a non-disparagement and confidential provision); *Housen*, 2013 WL 2455958, at *2 (same).

Thus, because the provision cannot be re-written to be valid and the Undersigned recommends that the remainder of the settlement agreement is due to be approved, the Undersigned recommends that the presiding United States District Judge find the portion of the Modification of the Agreement provision that purports to allow the parties to modify the agreement invalid, strike it from the proposed agreement, and approve the remainder of the agreement.

In sum, for the reasons set forth above, the Undersigned recommends that the proposed settlement agreement be approved without the inclusion of the portion of the Modification of the Agreement provision that purports to allow the parties to modify the agreement. Thus, the Undersigned recommends that the Joint Motion

(Doc. 38) be granted in part and denied in part. Because the Undersigned recommends granting in part and denying in part the Joint Motion, the Undersigned recommends that the Supplemental Joint Motion (Doc. 40), which seeks the same relief, be denied as moot.

## CONCLUSION

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1. The Joint Motion to Approve Settlement Agreement and Dismiss the Case with Prejudice (Doc. 38) be **GRANTED in part and DENIED in part** as set forth below:

    a. The presiding United States District Judge find the portion of the Modification of the Agreement provision that purports to allow the parties to modify the agreement invalid and strike it from the proposed agreement (Doc. 38 at 8-9); and

    b. The remainder of the settlement agreement (Doc. 38 at 6-9) be approved as a fair and reasonable resolution of a bona fide dispute regarding Plaintiff's FLSA claim.

2. The Supplemental Joint Motion to Approve Settlement Agreement and Dismiss the Case with Prejudice be **DENIED as moot**.

3. The Clerk of Court be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on July 2, 2021.

_____
Mac R. McCoy
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. A party wishing to respond to an objection may do so in writing fourteen days from the filing date of the objection. The parties are warned that the Court will not extend these deadlines. To expedite resolution, the parties may also file a joint notice waiving the fourteen-day objection period.

Copies furnished to:

Counsel of Record
Unrepresented Parties